USDC SCAN INDEX SHEET

















JPP   1/22/04   15:35

3:04-CV-00133   NORMAN V. NGUYEN

*1*

*CMP.*

John D. Norman
P. O. Box 7001
Atascadero, CA 93423-7001
AT 049405 4





# UNITED STATES DISTRICT COURT

## Southern District of California

| | |
|---|---|
| John D. Norman, | ) |
|            Plaintiff | ) |
| | ) |
|   v. | ) |
| | ) |
| Daniel Nguyen, | ) |
| Kristin Amador, | ) |
| J. R. Birdsong, | ) |
| P. LaChappell, | ) |
| San Diego County Deputy 4203, | ) |
| R. Salazar, | ) |
| San Diego County Deputy 4521, | ) |
| | ) |
|            Defendants. | ) |

'04 CV 0133 LAB (WMC)

Civil Case No. _____

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A.  Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.

## B.  Parties

1. **Plaintiff:**   This complaint alleges that the civil rights of Plaintiff, John D. Norman, who presently resides at 10333 El Camino Real, Atascadero, California, were violated by the actions of the below named individuals.  The actions were directed against Plaintiff at San Diego County Jail, Central Facility, and George Bailey Detention Facility on or about August 28, 2002, July 17, 2002, and March 5, 2003.

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant    Daniel Nguyen    resides in    San Diego County   ,
                (name)                                (County of residence)
and is employed as a  Deputy Sheriff . This defendant is sued in
                         (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) **Explain how this defendant was acting**
under color of law: After collecting outgoing mail on the 7th floor of the County
Jail, Deputy Nguyen opened and read the letter I had mailed to Justin Crosbie,
"confiscated" and and delivered it to Defendant #2.

Defendant    Kristin Amador    resides in   San Diego County  ,
                 (name)                             (County of residence)
and is employed as a  Deputy District Attorney . This defendant is sued in
                         (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) **Explain how this defendant was acting**
under color of law: Upon receiving my personal letter to a friend from Defendant
#1, Ms. Amador made copies and introduced the letter as "evidence" in my civil
commitment trial

Defendant    J. R. Birdsong    resides in    San Diego County   ,
                 (name)                             (County of residence)
and is employed as a  Sheriff's Deputy Sergeant . This defendant is sued in
                         (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) **Explain how this defendant was acting**
under color of law: Sgt. Birdsong refused to return my personal letter after it
had been seized by his subordinate. Defendant #1.

Defendant    P. LaChappell    resides in    San Diego County   ,
                 (name)                             (County of residence)
and is employed as a  Sheriff's Deputy Sergeant . This defendant is sued in
                         (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) **Explain how this defendant was acting**
under color of law: Sgt. LaChappell refused to prevent the seizure of envelopes
from my incoming mail or to instruct deputies that I was entitled to re-
ceive correspondence materials.

(Continued on additional page)

**2.  Defendants:**  (Continued)

Defendant San Diego County Deputy 4203 resides in San Diego County and is employed as a Deputy Sheriff.  This defendant is sued in his/her individual and official capacity.  Before delivering mail addressed to me, Deputy 4203 removed from it 31 plain unstamped envelopes to which I was entitled.

Defendant R. Salazar resides in San Diego County and is employed as a Deputy Sheriff.  This defendant is sued in his/her individual and official capacity. Upon receiving my grievance regarding confiscation of 31 plain envelopes from my incoming mail, Deputy Salazar refused to recognize that the items were allowed under jail rules or to order them delivered to me.

Defendant San Diego County Deputy 4521 resides in San Diego County and is employed as a Deputy Sheriff.  This defendant is sued in his/her individual and official capacity.  Deputy 4521 observed me with a copy of Foreign Affairs magazine (which I had received in the mail) in my possession and ordered that I surrender it to him, ignoring my protest that it was my property and no threat to the security of the institution.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

<u>Count 1</u>: The following civil right has been violated:___ First amendment right to freedom

(E.g., right to medical care, access to courts,

of speech and expression; 14th amendment right to due process of law                    .

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:  [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On August 28, 2002, I had been an inmate of the San Diego County Jail for approximately six months, held since February 7, 2002, under civil process.

On that morning, while mail was being passed out in my unit, I heard Deputy Daniel Nguyen, on the public address system, give instructions that any mail addressed to me should be given to him.  I subsequently learned that Deputy Nguyen had, the preceding night, removed from the outgoing mail a letter I had written and mailed to a friend, Justin Crosbie, that Deputy Nguyen had opened and read the letter, "confiscated" it, and delivered it to Deputy District Attorney Kristin Amador, the prosecutor petitioning for my civil commitment.

I filed a grievance against the confiscation, claiming that, as a civil commitment, I was entitled to send and receive sealed letters.  Sgt. J. R. Birdsong responded to the grievance, though he refused to sign the response, and refused to do anything about the confiscation, informing me, "You have a lot to learn about the law."  The letter was neither returned to me nor delivered to its addressee.  Rather, Ms. Amador made copies of it and intro-duced it into evidence in my civil commitment trial in June 2003.

Although I was a jail inmate at the time, I was held under civil process and possessed of a full complement of civil rights.  The actions of defendants Nguyen, Birdson, and Amador not only violated my first amendment right to freedom of speech and expression, but my fourteenth amendment right to due process of law.  The Penal Code of California provides, in Section 1610(c), "A person confined under this section [i.e., civil process] shall have the right to...an explanation of rights in the manner prescribed in Section 5325 of the Welfare and Institutions Code."  Section 5325 of the Welfare and Institutions

(Continued on additional page)

Code states, in part: "Each person involuntarily detained for evaluation or treatment under provision of this part...shall have the following rights...(c) To have ready access to letter-writing materials, including stamps, and to mail and receive unopened correspondence."

Count 2: The following civil right has been violated:  First amendement right to freedom of

(E.g., right to medical care, access to courts,
expression, 14th amendement right to due process of law

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 2.]

On July 17, 2002, five stamped envelopes received from my correspondent Edward Tate were removed from my incoming mail by the deputy performing censorship duties. I was given no receipt, and my grievance asking that the envelopes be delivered to me was ignored. On August 20, 2002, ten envelopes sent by my correspondent Adam L,. Brevard were removed from my incoming mail. I was given a receipt signed by a deputy whose name is illegible. The grievance I filed in protest was answered by Sgt. P. LaChappell, who informed me that I was not allowed to receive stamps, envelopes, writing tablets, or any items found on the inmate commissary list, and that it was not a violation of my first amendment rights to be denied items needed for correspondence. On September 24, 2002, 31 plain, unstamped envelopes sent to me by my correspondent Sharokh Sharoki were removed from my incoming mail by Deputy 4203. I filed a grievance protesting that plain envelopes were not found on the inmate commissary list. Deputy R. Salazar responded, informing me that I was not allowed to receive envelopes in the mail. The actions of the censoring deputy--who is unknown and therefore not included as a defendant in this action--and defendants LaChappell, Deputy 4203, and Salazar violate my first amendment right to freedom of expression, by denying me the materials for that expression, and my fourteenth amendment right to due process of law. California Welfare and Institutions Code Section 5325, cited in Count 1 as applicable to me while I was held in jail for civil process, specifically allows to a person so held the right "to have ready access to letter-writing materials..."

<u>Count 3</u>: The following civil right has been violated: <u>Right to freedom of expression</u>

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

On March 5, 2003, a copy of <u>Foreign Affairs</u> magazine was confiscated and taken

from me by Deputy 4521.  The deputy gave me no reason for the confiscation. My

impression was that he took the magazine only to prove to me that he could.

Received through incoming mail at the jail, the magazine is a serious period-

ical, the contents of which posed no threat to jail security.  The action of

the deputy violated my first amendment right to freedom of expression.

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? □ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____

_____.

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____.

(d)  Issues raised: _____

_____

_____

_____.

(e)  Approximate date case was filed: _____.

(f)  Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes □ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.

In each instance in which my rights were violated, I filed a grievance on the

form provided to me by the jail.  Defendant #3 responded to my grievance about

the seizure of my personal letter but refused to do anything about it.

Defendants #4 and #6 responded to my grievances about seizure of envelopes from

incoming mail and denied them.  My grievance regarding seizure of the magazine

was no answered at all. _____

_____

_____.

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): from opening, reading and/or seizing sealed letters sent by or received by plaintiff when he is in their custody, and or removing from his incoming mail envelopes or other materials required for plaintiff's correspondence.

2. Damages in the sum of $ .1.00 .

3. Punitive damages in the sum of $ 1,000,000.00 .

4. Other: ---

### F. Demand for Jury Trial

Plaintiff demands a trial by ☐ Jury ☒ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

| [x] Plaintiff consents to magistrate judge jurisdiction as set forth above. | **OR** | ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case. |

_1-9-2004_
Date

_(signature)_
Signature of Plaintiff

PLAINTIFF/PETITIONER/MOVANT'S NAME
John D. Norman
PRISON NUMBER
AT·049405 4

PLACE OF CONFINEMENT
Atascadero State Hospital

ADDRESS
P.·O.Box 7001
Atascadero, CA 93423-7001

# United States District Court
## Southern District Of California

John D. Norman

                                        ,
                        Plaintiff/Petitioner/Movant

                        v.

Daniel Nguyen, et al,        ,
                        Defendant/Respondent

Civil No. _____

(TO BE FILLED IN BY U.S. DISTRICT COURT CLERK)

**MOTION AND DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS**

I,    John D. Norman

declare that I am the Plaintiff/Petitioner/Movant in this case. In support of my request to proceed without prepayment of fees or security under 28 U.S.C. § 1915, I further declare I am unable to pay the fees of this proceeding or give security because of my poverty, and that I believe I am entitled to redress.

**In further support of this application, I answer the following question under penalty of perjury:**
1. Are you currently incarcerated? ☒ Yes ☐ No    (If "No" go to question 2)    (Civil commitment)
      If "Yes," state the place of your incarceration
      Are you employed at the institution?            ☐ Yes ☒ No
      Do you receive any payment from the institution?  ☐ Yes ☒ No
[Have the institution fill out the Certificate portion of this affidavit and attach a certified copy of the trust account statement from the institution of your incarceration showing at least the last six months transactions.]

CIV-67 (Rev. 9/97)                                    ::ODMA\PCDOCS\WORDPERFECT\22835\1

2. Are you currently employed? ☐ Yes ☒ No
   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name
   and address of your employer.

   b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and
   pay period and the name and address of your last employer.

   I was last employed on September 15, 1995, by my self, and would
   have received any profits, had any resulted, from the business I
   was attempting to establish.

3. In the past twelve months have you received any money from any of the following sources?:
   a. Business, profession or other self-employment ☐ Yes ☒ No
   b. Rent payments, royalties interest or dividends ☐ Yes ☒ No
   c. Pensions, annuities or life insurance ☐ Yes ☒ No
   d. Disability or workers compensation ☐ Yes ☒ No
   e. Social Security, disability or other welfare ☐ Yes ☒ No
   e. Gifts or inheritances ☐ Yes ☒ No
   f. Spousal or child support ☐ Yes ☒ No
   g. Any other sources ☐ Yes ☒ No

   If the answer to any of the above is "Yes" describe each source and state the amount received and what you
   expect you will continue to receive each month.

4. Do you have any checking account(s)? ☒ Yes ☐ No
   a. Name(s) and address(es) of bank(s): __Union Bank, Pacific Beach, San Diego, CA__
   b. Present balance in account(s): __$400.00   ?__

5. Do you have any savings/IRA/money market/CDS' separate from checking accounts? ☐ Yes ☒ No
   a. Name(s) and address(es) of bank(s):
   b. Present balance in account(s):

6. Do you own an automobile or other motor vehicle? ☐ Yes ☒ No
   a. Make:             Year:            Model:
   b. Is it financed? ☐ Yes ☐ No
   c. If so, what is the amount owed?

7. Do you own any real estate, stocks, bonds, securities, other financial instruments, or other valuable property?
   [ ] Yes  [X] No
   If "Yes" describe the property and state its value._____

   _____

8. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

         None

9. List any other debts (current obligations, indicating amounts owed and to whom they are payable):

       Social Security Administration - appr $2,000 (benefits over-
                                         paid before sus-
                                         pension in 1996)

       Calif. Dept. of Corrections   - appr. $200 (restitution fine)

10. List any other assets or items of value (specify real estate, gifts, trusts inheritances, government bonds, stocks, savings certificates, notes, jewelry, artwork, or any other assets [include any items of value held in someone else's name]):

          None

11. If you answered all of the items in #3 "No," and have not indicated any other assets or sources of income anywhere on this form, you <u>must</u> explain the sources of funds for your day-to-day expenses.

    The California Department of Mental Health credits my Trust
    Account with $12.50 each month to cover my hygiene and other purchases in the
    Inmate Canteen. I also receive stamps and occasional gifts--books, magazines,
    and batteries for my radio/tape-player--from friends.

**I declare under penalty of perjury that the above information is true and correct and understand that a false statement herein may result in the dismissal of my claims.**

DATE  1-9-04  _____
                                SIGNATURE OF APPLICANT

John D. Norman
P. O. Box 7001
Atascadero, CA 93423-7001
AT 049405 4


## UNITED STATES DISTRICT COURT

### Southern District of California


| | |
|---|---|
| John D. Norman,       ) <br>      ) <br>     Plaintiff   ) <br>      ) <br>   v.      ) <br>      ) <br> Daniel Nguyen,     ) <br> Kristin Amador,    ) <br> J. R. Birdsong,    ) <br> P. LaChappell,     ) <br> San Diego County Deputy 4203,  ) <br> R. Salazar,      ) <br> San Diego County Deputy 4521,  ) <br>      ) <br>     Defendants.  ) <br>      ) | Civil Case No. _____ <br><br> Complaint Under the <br> Civil Rights Act <br> 42 U.S.C. § 1983 |


## A.  Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.


## B.  Parties

1. **Plaintiff:**   This complaint alleges that the civil rights of Plaintiff, John D. Norman, who presently resides at 10333 El Camino Real, Atascadero, California, were violated by the actions of the below named individuals.  The actions were directed against Plaintiff at San Diego County Jail, Central Facility, and George Bailey Detention Facility on or about August 28, 2002, July 17, 2002, and March 5, 2003.

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant      Daniel Nguyen          resides in     San Diego County
                  (name)                              (County of residence)
and is employed as a  Deputy Sheriff                    . This defendant is sued in
                      (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: After collecting outgoing mail on the 7th floor of the County

Jail, Deputy Nguyen opened and read the letter I had mailed to Justin Crosbie,

"confiscated" and and delivered it to Defendant #2.                          .

Defendant    Kristin Amador           resides in    San Diego County
                  (name)                              (County of residence)
and is employed as a  Deputy District Attorney          . This defendant is sued in
                      (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Upon  receiving my personal letter to a friend from Defendant

#1, Ms. Amador made copies and introduced the letter as "evidence" in my civil

commitment trial

Defendant    J. R. Birdsong           resides in    San Diego County
                  (name)                              (County of residence)
and is employed as a  Sheriff's Deputy Sergeant         . This defendant is sued in
                      (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law:  Sgt. Birdsong refused to return my personal letter after it

had been seized by his subordinate, Defendant #1.

Defendant   P. LaChappell             resides in    San Diego County
                  (name)                              (County of residence)
and is employed as a     Sheriff's Deputy Sergeant      . This defendant is sued in
                      (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law:  Sgt. LaChappell refused to prevent the seizure of envelopes

from my incoming mail or to instruct deputies that I was entitled to re-

ceive correspondence materials.

(Continued on additional page)

**2. Defendants:** (Continued)

Defendant San Diego County Deputy 4203 resides in San Diego County and is employed as a Deputy Sheriff.  This defendant is sued in his/her individual and official capacity.  Before delivering mail addressed to me, Deputy 4203 removed from it 31 plain unstamped envelopes to which I was entitled.

Defendant R. Salazar resides in San Diego County and is employed as a Deputy Sheriff.  This defendant is sued in his/her individual and official capacity. Upon receiving my grievance regarding confiscation of 31 plain envelopes from my incoming mail, Deputy Salazar refused to recognize that the items were allowed under jail rules or to order them delivered to me.

Defendant San Diego County Deputy 4521 resides in San Diego County and is employed as a Deputy Sheriff.  This defendant is sued in his/her individual and official capacity.  Deputy 4521 observed me with a copy of Foreign Affairs magazine (which I had received in the mail) in my possession and ordered that I surrender it to him, ignoring my protest that it was my property and no threat to the security of the institution.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: <u>First amendment right to freedom</u>
<u>of speech and expression; 14th amendment right to due process of law</u>         (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On August 28, 2002, I had been an inmate of the San Diego County Jail for approximately six months, held since February 7, 2002, under civil process. On that morning, while mail was being passed out in my unit, I heard Deputy Daniel Nguyen, on the public address system, give instructions that any mail addressed to me should be given to him. I subsequently learned that Deputy Nguyen had, the preceding night, removed from the outgoing mail a letter I had written and mailed to a friend, Justin Crosbie, that Deputy Nguyen had opened and read the letter, "confiscated" it, and delivered it to Deputy District Attorney Kristin Amador, the prosecutor petitioning for my civil commitment.

I filed a grievance against the confiscation, claiming that, as a civil commitment, I was entitled to send and receive sealed letters. Sgt. J. R. Birdsong responded to the grievance, though he refused to sign the response, and refused to do anything about the confiscation, informing me, "You have a lot to learn about the law." The letter was neither returned to me nor delivered to its addressee. Rather, Ms. Amador made copies of it and introduced it into evidence in my civil commitment trial in June 2003.

Although I was a jail inmate at the time, I was held under civil process and possessed of a full complement of civil rights. The actions of defendants Nguyen, Birdson, and Amador not only violated my first amendment right to freedom of speech and expression, but my fourteenth amendment right to due process of law. The Penal Code of California provides, in Section 1610(c), "A person confined under this section [i.e., civil process] shall have the right to...an explanation of rights in the manner prescribed in Section 5325 of the Welfare and Institutions Code." Section 5325 of the Welfare and Institutions

(Continued on additional page)

Code states, in part: "Each person involuntarily detained for evaluation or treatment under provision of this part...shall have the following rights...(c) To have ready access to letter-writing materials, including stamps, and to mail and receive unopened correspondence."

<u>Count 2</u>: The following civil right has been violated: <u>First amendement right to freedom of</u>

(E.g., right to medical care, access to courts,
<u>expression, 14th amendement right to due process of law</u>

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment,
etc.)

<u>Supporting Facts</u>:  [Include all facts you consider important to Count 2. State what happened clearly and in
your own words. You need not cite legal authority or argument. Be certain to describe exactly what each
defendant, *by name*, did to violate the right alleged in Count 2.]

On July 17, 2002, five stamped envelopes received from my correspondent Edward
Tate were removed from my incoming mail by the deputy performing censorship
duties.  I was given no receipt, and my grievance asking that the envelopes be
delivered to me was ignored. On August 20, 2002, ten envelopes sent by my cor-
respondent Adam L,. Brevard were removed from my incoming mail.  I was given a
receipt signed by a deputy whose name is illegible.  The grievance I filed in
protest was answered by Sgt. P. LaChappell, who informed me that I was not al-
lowed to receive stamps, envelopes, writing tablets, or any items found on the
inmate commissary list, and that it was not a violation of my first amend-
ment rights to be denied items needed for correspondence.  On September 24,
2002, 31 plain, unstamped envelopes sent to me by my correspondent Sharokh
Sharoki were removed from my incoming mail by Deputy 4203. I filed a grievance
protesting that plain envelopes were not found on the inmate commissary list.
Deputy R. Salazar responded, informing me that I was not allowed to receive
envelopes in the mail.  The actions of the censoring deputy--who is unknown

and therefore not included as a defendant in this action--and defendants
LaChappell, Deputy 4203, and Salazar violate my first amendment right to

freedom of expression, by denying me the materials for that expression, and my
fourteenth amendment right to due process of law.  California Welfare and
Institutions Code Section 5325, cited in Count 1 as applicable to me while I
was held in jail for civil process, specifically allows to a person so held
the right "to have ready access to letter-writing materials...:"

<u>Count 3</u>: The following civil right has been violated: <u>Right to freedom of expression</u>

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

On March 5, 2003, a copy of <u>Foreign Affairs</u> magazine was confiscated and taken

from me by Deputy 4521.  The deputy gave me no reason for the confiscation. My

impression was that he took the magazine only to prove to me that he could.

Received through incoming mail at the jail, the magazine is a serious period-

ical, the contents of which posed no threat to jail security.  The action of

the deputy violated my first amendment right to freedom of expression.

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case?  ☐ Yes  ☒ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____

_____

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d)  Issues raised: _____

_____

_____

_____

_____

(e)  Approximate date case was filed: _____

(f)  Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ?  ☒ Yes  ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.

In each instance in which my rights were violated, I filed a grievance on the form provided to me by the jail.  Defendant #3 responded to my grievance about the seizure of my personal letter but refused to do anything about it. Defendants #4 and #6 responded to my grievances about seizure of envelopes from incoming mail and denied them.  My grievance regarding seizure of the magazine was no answered at all.

_____

_____

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

     1. An injunction preventing defendant(s): <u>from opening, reading and/or seizing sealed letters sent by or received by plaintiff when he is in their custody, and or removing from his incoming mail envelopes or other materials required for plaintiff's correspondence.</u>

     2. Damages in the sum of $ <u> .1.00 </u>.

     3. Punitive damages in the sum of $ <u>1,000,000.00</u>.

     4. Other: <u>---</u>

**F. Demand for Jury Trial**

    Plaintiff demands a trial by ☐ Jury ☒ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

    In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

    The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

    You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

| ☒ Plaintiff consents to magistrate judge jurisdiction as set forth above. | **OR** | ☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case. |

<u>1-9-2004</u>
Date

<u>Signature of Plaintiff</u>

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED
JAN 2 1 2004
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**I (a) PLAINTIFFS**

John D Norman

**DEFENDANTS**

Daniel Nguyen, Kristin Amador, JR Birdsong, P LaChappell, SD Co Deputy 4203, R Salazar SDCo Dputy

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Atascadero Ca
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego Ca
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

John D Norman AT 049405 4
P O Box 7001
Atascadero Ca 93423-7001

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

42 U.S.C. 1983pr   04cv0133LAB(WMC)

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE

Docket Number

DATE

SIGNATURE OF ATTORNEY OF RECORD